# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

_____

No. 21-40566
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JAMED NASMIR COLMENARES FIERRO,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-295-3

_____

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges.*

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

Certified as a true copy and issued
as the mandate on Jul 22, 2022

Attest:  *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2022

Lyle W. Cayce
Clerk

No. 21-40566
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMED NASMIR COLMENARES FIERRO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-295-3

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jamed Nasmir Colmenares Fierro, federal prisoner #26311-078, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On appeal, he argues that he has shown extraordinary and compelling reasons warranting compassionate release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40566

Specifically, he contends that his latent tuberculosis puts him at a heightened risk of serious illness or death due to COVID–19 infection. He also argues that the district court erred in finding that the sentencing factors set forth in 18 U.S.C. § 3553(a) counseled against releasing him. We AFFIRM.

We review a denial of a motion for compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Here, the district court issued a thorough, 19-page opinion finding that Colmenares Fierro's medical condition was not an "extraordinary and compelling reason[]" that warranted release under 18 U.S.C. § 3582(c)(1)(A)(i) and that the § 3553(a) factors likewise counseled against release. *See United States v. Colmenares Fierro*, No. 4:12-CR-295 (3), 2021 WL 2806942 (E.D. Tex. July 2, 2021). Neither holding was an abuse of discretion.

First, as the district court pointed out, prison medical staff had recommended treatment for Colmenares Fierro's latent tuberculosis, but he refused. The district court soundly reasoned that, "[u]nder these circumstances, his declining the recommended treatment for latent tuberculosis . . . precludes him from relying on this condition as a basis for compassionate release." *Id.* at *6 n.6; *accord United States v. Glasper*, 854 F. App'x 748, 750 (7th Cir. 2021); *United States v. Broomfield*, No. 20-14514, 2022 WL 896825, at *1 (11th Cir. Mar. 28, 2022).[1] Colmenares Fierro also fails to show clear error in the district court's finding, based on infection and fatality rates, that "the facility where [he] is housed is handling the

---

[1] Colmenares Fierro admits in his brief that he refused the treatment but claims he did so because he was diagnosed with hepatitis in 1993 and suspected that the tuberculosis treatment might cause liver issues. This argument, however, was never presented to the court below and has thus been forfeited. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 100 (5th Cir. 1995). Moreover, the district court determined that "Colmenares Fierro's records do not reflect . . . that he has . . . hepatitis," 2021 WL 2806942, at *6—a finding he does not acknowledge or contest on appeal.

No. 21-40566

[COVID-19] outbreak appropriately and providing adequate medical care." 2021 WL 2806942, at *7. That care includes making the COVID vaccine available to inmates. The district court appropriately cited the facility's health-related measures as a factor counseling against a finding of extraordinary circumstances warranting Colmenares Fierro's release. *Id.* All things considered, the district court justifiably concluded that Colmenares Fierro does not face the kind of heightened vulnerability to COVID that might warrant compassionate release under § 3582(c)(1)(A)(i). *See United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021).

Second, besides finding that extraordinary and compelling reasons did not warrant release, the district court determined in the alternative that the factors set forth in 18 U.S.C. § 3553(a) also counseled against release. Specifically, in light of the nature and circumstances of Colmenares Fierro's offense of conviction, his criminal history, the large amount of cocaine involved, his leadership role in an international drug-trafficking organization, and the fact that he has only served approximately 32% of his sentence, the district court concluded that granting Colmenares Fierro early release would not promote adequate deterrence, protect the public from further crimes, reflect the seriousness of the offense, promote respect for the law, or provide just punishment. *See* § 3553(a)(1), (a)(2)(A)-(C). We find no abuse of discretion in this conclusion—which, as the district court correctly noted, serves as a basis for denying compassionate release independent of that court's § 3582(c)(1)(A)(i) holding. *See Chambliss*, 948 F.3d at 693–94. To the extent that Colmenares Fierro disagrees with the district court's weighing of the § 3553(a) factors, he has failed to show "a sufficient ground for reversal." *Id.* at 694.

For these reasons, the judgment of the district court is AFFIRMED.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 22, 2022

Mr. David O'Toole
Eastern District of Texas, Sherman
101 E. Pecan Street
Federal Building
Room 216
Sherman, TX 75090-0000

      No. 21-40566    USA v. Colmenares Fierro
                      USDC No. 4:12-CR-295-3

Dear Mr. O'Toole,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         By: _____
                         Rebecca L. Leto, Deputy Clerk
                         504-310-7703

cc:   (cover letter only)
      Mr. Jamed Nasmir Colmenares Fierro
      Ms. Terri Lynn Hagan
      Ms. Heather Harris Rattan
      Mr. Bradley Elliot Visosky